UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **GREG WALKER** | **PLAINTIFF** |
| VS. | CAUSE NO. 3:14-cv-449-CWR-FKB |
| **RED LOBSTER RESTAURANTS, LLC; DARDEN RESTAURANTS, INC.; GRMI, INC., AND JOHN AND JANE DOES 1-8** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants GMRI, Inc. d/b/a Red Lobster ("GMRI") (improperly identified in the caption of Plaintiff's Amended Complaint as GRMI, Inc.) and Darden Restaurants, Inc.'s ("Darden") motion to compel arbitration, Docket No. 15. Plaintiff Gregg Walker filed an opposing response, Docket No. 17, to which the Defendants have submitted a rebuttal, Docket No. 19. On June 24, 2015, a hearing was held on Defendants' motion. The matter is ready for review. After considering the arguments, the record, and applicable authorities, the Court finds that Defendants' motion should be denied for the reasons expressed below.

**I.     Background**

Gregg Walker was first employed by GMRI in August 2002.[1] On August 28, 2002, Walker received a Dispute Resolution Process (DRP) book in which he signed[2] and agreed to submit himself to GMRI's dispute resolution procedures if a dispute covered under the DRP

---

[1] At the time, GMRI, a wholly owned subsidiary of Darden, owned and operated the Red Lobster where Walker was employed.

[2] Walker was sixteen years old when he signed the DRP.

arose. After several voluntary breaks in his employment from 2003 to 2005,[3] Walker began working for GMRI again from May 22, 2006, through March 4, 2013, with no interruptions in his employment. Besides the DRP agreement signed in August 2002, Walker never signed another agreement upon rehire of his various periods of employment with GMRI.

While working at Red Lobster, Walker alleges that he was sexually harassed by his immediate supervisor, Daphne (last name unknown), the general manager of Red Lobster, Jason Aikens, as well as several co-workers. *See* Docket No. 1-1, "Amended Compl." at 45. He alleges that he reported the conduct to several of his supervisors and to the home office. *Id.* at 45-6. Consequently, he claims that he "was subject to write-ups, changes in the schedule imposing hardship, and an increasingly hostile work environment, among other actions [taken] against [him]." *Id.* at 46. Walker filed a charge with the Equal Employment Opportunity Commission (EEOC) on August 22, 2013, which issued the Notice of Right to Sue on March 5, 2014. Walker timely filed the instant action in the Circuit Court of Hinds County asserting various state law claims under Mississippi law and claims for sex discrimination and retaliation pursuant to Title VII, 42 U.S.C. §§ 2000e, *et seq*. *Id.* at 10-16. Thereafter, the Defendants removed this action to this Court on June 6, 2014.

**II.    Present Arguments**

Defendants filed the motion to compel arbitration on July 25, 2014, arguing that Walker's claims are all covered under the DRP that he signed once he first began working for GMRI back in 2002. *See* Docket No. 16. GMRI's Dispute Resolution Policy, attached in its entirety to the Defendants' memorandum in support of the motion to compel arbitration as "Exhibit A", states, in pertinent part:

---

[3] The record is unclear as to the number of times Walker stopped working for GMRI and the specific dates on which he stopped working.

> This Policy will be used to resolve claims or controversies (as defined in the DRP arising out of an Employee's employment or termination), that an Employee may have against the Company . . . . These disputes, which have not been resolved through normal personnel channels and the Open Door Policy, shall be resolved through peer review, mediation and, if necessary, exclusive, final and binding *arbitration* as provided in DRP.

Docket No. 16-1, at 5 (emphasis added). The DRP specifically states that it applies to "claims for violation of any federal or state law or regulation or any claim arising under common law." *Id.* at 7.

Walker does not dispute that he signed the Defendants' DRP. However, in his response in opposition to the Defendants' motion to compel arbitration, Walker offers two arguments for the Court to deny Defendants' motion: (1) that the DRP that he signed upon his initial hire in August 2002 does not survive his breaks in employment, and (2) that the DRP cannot be held against Walker because he was a minor when he signed it. *See* Docket No. 18.

In reply, Defendants contend that because Walker has not disputed that the parties entered into an arbitration agreement, the Court is "precluded from determining whether the parties' agreement is valid and binding" as advised under the DRP. Docket No. 19, at 2. Relying on district court cases from Louisiana and Texas, Defendants further assert that the DRP survives any breaks in Walker's employment and applies to all of his claims. *Id.* at 2-16 (citing *Anderson v. Waffle House, Inc.*, 920 F. Supp. 2d 685, 689 (E.D. La. 2013); *Mitchell v. J.V. Indus. Companies, Ltd.*, No. 4:08-CV-1135, 2008 WL 8444325 (S.D. Tex. Aug. 11, 2008)). As to Walker's argument that the DRP is invalid because he was a minor when he signed it, Defendants counter by arguing that a minor's contract is voidable, not void, and Walker did not "affirmatively repudiate" the contract so as to render it void. *Id.* at 2.

### III.   Legal Standard

Section 2 of the Federal Arbitration Act (the "FAA") provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C.A. § 2 (1998). The Fifth Circuit has made clear that in enacting the FAA, Congress expressed a strong national policy in favor of arbitration. *See Mounton v. Metro. Life Ins. Co.*, 147 F.3d 453, 456 (5th Cir. 1998); *Snap-on Tools Corp. v. Mason*, 18 F.2d 1261, 1263 (5th Cir. 1994).

In determining a motion to compel arbitration, courts conduct a two-step inquiry. *See Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 254 (5th Cir. 2012). The Court must first determine whether the parties agreed to arbitrate the dispute at issue. *Id.* This determination includes two additional inquiries: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996). "[I]n determining whether the parties agreed to arbitrate a certain matter, courts apply the contract law of the particular state that governs the agreement." *Washington Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004) (citation omitted). Moreover, any doubts regarding the scope of arbitrable issues should be resolved in favor of arbitration. *Mounton*, 147 F.3d at 456. Once the Court determines whether the parties agreed to arbitrate the dispute at issue, it must then determine whether any federal statute or policy renders the claims nonarbitrable. *Washington Mut.*, 364 F.3d at 263.[4]

---

[4] This Court's subject matter jurisdiction is predicated on Title 28 U.S.C. § 1332(a), since the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00 exclusive of costs and interest.

**IV.     Analysis**

Walker does not dispute whether the arbitration agreement in question was valid at the time it was executed; his contention is that the agreement no longer existed after his breaks in employment. The critical issue for the Court to decide is whether the arbitration agreement signed by Walker in August 2002 can be enforced against Walker for claims that arose after Walker ended his employment with GMRI but during future periods of Walker's employment in which no additional arbitration agreement was signed. The Court finds that, under such circumstances, without a showing that the arbitration agreement contained terms that expressly provided for a duty to arbitrate even after a break or termination of employment, or without providing an additional agreement to arbitrate upon Walker's subsequent rehire, the arbitration agreement in question cannot be imposed against Walker's claims, as they are beyond the scope of the arbitration agreement. *See generally Miss. Ins. Managers, Inc. v. Providence Washington Ins. Co.*, 72 F. Supp. 2d 689, 694 (S.D. Miss. 1999) (applying the same logic to expired arbitration agreements, explaining that there can be no arbitration over disputes that did not arise under an expired agreement, "unless the parties agreed that such disputes would be resolved by arbitration," for example, where the expired agreement itself creates a duty to arbitrate) (citing *Litton Fin. Printing v. N.L.R.B.*, 501 U.S. 190 (1991))).

The authorities relied upon by Defendants do not foreclose this Court's finding, as they derive from Louisiana and Texas law. But if the Court were to rely on these cases, a closer reading shows that they support its holding, and the facts of those cases can be distinguished from the present case.

In *Anderson*, for example, the arbitration agreement contained language which explicitly stated that the agreement would apply to all future claims between the parties involved, and that

5

the agreement would survive termination. 920 F. Supp. 2d at 689. Likewise, in *Mitchell*, arbitration was compelled because, upon being rehired, the employee in that case "sign[ed] an employment agreement that explicitly stated, in conspicuous language, that acceptance of employment constituted an agreement to arbitrate any disputes that arose from or related in any way to his employment." 2008 WL 8444325, at *3. In Defendants' motion to compel, Defendants do not point to any language in the DRP expressly stating that the agreement applied to claims that may arise after his employment ended and in the event he was rehired; nor do Defendants direct the Court to any other employment agreement Walker signed subjecting himself to arbitration. Therefore, Walker has no duty to arbitrate his claims.[5]

Accordingly, Defendants' motion to compel arbitration is DENIED.

Within ten days, the parties are instructed to contact the chambers of the Magistrate Judge to set a Case Management Conference so that a Case Management Order may be entered.

**SO ORDERED AND ADGJUDGED**, this the 30th day of June, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[5] Because the Court rules that the Defendants' motion should be denied on other grounds, it does not need to address the dispute over whether the arbitration agreement is void because Walker was a minor when it was signed.